UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jeffrey Colman<br>3047 Oliver Street<br>Washington, DC 20015<br>(individually and on behalf of similarly<br>situated persons)<br><br>     Plaintiff,<br> vs.<br><br>GOOGLE, INC.,<br> a Delaware Corporation<br><br><br> Serve: Corporation Service Company<br>     1090 Vermont Ave, NW<br>     Washington, DC 20005<br><br>     Defendant. | C.A. No. __ |

## CLASS ACTION COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a class action for damages for Defendant's violations of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, also known as the Wiretap Act, as amended by the Electronic Communications Privacy Act ("ECPA") of 1986. 18 U.S.C § 2510-2522. These laws have long been designed to protect individuals from having their electronic communications intercepted by persons or corporations not authorized to do so.

2. This class action addresses the systemic abuse and misappropriation by Google of private electronic communications by thousands of individuals throughout the United

1

States through the deployment and utilization of its Google Street View internet service. Rather than merely taking panoramic, street view, photographs of every building, lot and home on selected streets throughout the United States, Google's Street View service was actually collecting information sent over open Wi-FI networks, such as a Wi-Fi devices unique ID, the MAC address, as well as the SSID assigned by users. In short, rather than taking pictures of public places, Google was surreptitiously collecting private information, which, on information and belief, included e-mails, video, audio and other payload data belonging to users and operators of home-based Wi-Fi Networks.

## II.    JURISDICTION AND VENUE

3.    Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 this complaint involves a federal question under 18 USC 2510 *et. seq.*, as well as under 18 U.S.C. § 1332(d), this case being a class action where the matter in controversy exceeds the sum of $5,000,000 exclusive of interests and costs.

4.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants transact business within the District and the conduct complained of occurred in the District.

## III.    PARTIES

5.    Plaintiff Jeffrey Colman is an individual residing in at 3047 Oliver Street, N.W., Washington, DC 20015. During all times relevant herein, Colman used and maintained an open wireless internet connection at his home which he shares with his wife and family. Colman and his family used their Wi-Fi connection to access the internet and to conduct both personal and business affairs, including but not limited to, e-mails, research, banking, entertainment, shopping, health matters, and other communications.  On at least

one occasion Colman personally witnessed a Google Street View vehicle driving down his residential street with its distinctive markings and mounted cameras.

6.      Defendant Google Inc. ("Google") is a Delaware corporation with headquarters in Mountain View, California whose self described "mission is to organize the world's information and make it universally accessible."   One of Google's services is Google Street View

### IV.    FACTUAL ALLEGATIONS

7.      According to Wikipedia, Google Street View is a technology featured in Google Maps and Google Earth that provides panoramic views from various positions along many streets in the world. It was launched on May 25, 2007, originally only in several cities in the United States, and has since gradually expanded to include more cities and rural areas worldwide.

8.      Google Street View displays images taken from a fleet of specially adapted cars. Areas not accessible by car, like pedestrian areas, narrow streets, alleys and ski resorts, are sometimes covered by Google Trikes (tricycles) or a snowmobile. On each of these cars (or other vehicles) there are nine directional cameras for 360° views at a height of about 2.5 meters, GPS units for positioning, three laser range scanners for the measuring of up to 50 meters 180° in the front of the vehicle. Notably, Google also equipped these vehicles with  3G/GSM/Wi-Fi antennas for scanning 3G/GSM and Wi-Fi hotspots.

9.      On April 23, 2010, the German Commissioner for Data Protection and Freedom of Information discovered that Google Street View vehicles were doing more than taking pictures.  Rather, such vehicles were also utilizing their antennas and scanners to map the physical locations of wireless hotspots for use in Location-Aware advertising services.

3

Upon a further request for information, Google admitted that its street view vehicles throughout the world, including the United States, were actually capturing payload data, meaning all data consisting of all or part of any documents, e-mails, video, audio and VOIP information being sent over the wireless internet.

10. Having knowingly equipped its Google Street View vehicles with devices capable of intercepting wireless communications over wireless networks it secretly mapped, Google stored the information it intercepted on its servers where, on information and belief, Google employees, vendors and contractors have access to the intercepted data maintained on Google's servers.

11. The Plaintiff and other wireless internet users, whose information was secretly intercepted by Google, did not and could not give their consent to Google to intercept their data transmissions.

## V.    CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:  All persons in United States whose wireless electronic communications were intercepted by Google in connection with its deployment and collection of data by Google Street View vehicles; and a subclass consisting.

13. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, the Defendant has continually intercepted the electronic communications of thousands of persons throughout the United States and the District of Columbia . Because the interception practices at issue are a standard and uniform practice employed by Defendant, numerosity may be presumed.

14. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members. The principal question is whether Defendant illegally intercepted electronic communications in violation of one or more provisions of the Omnibus Crime Control and Safe Streets Act of 1968, also known as the Wiretap Act, as amended by the Electronic Communications Privacy Act (ECPA) of 1986). See 18 U.S.C. § 2511 *et. seq.* Additional questions of law and fact common to the classes include:

a) whether Defendant acted intentionally in intercepting wireless electronic communications;

b) whether Defendant should be enjoined from intercepting any electronic communications from any wireless network without the express consent of the owners of such electronic data

c) the statutory and exemplary damages allowed and claimed in this civil action;

d) the attorneys fees, litigation costs and court costs allowed and claimed in this civil action.

15. Plaintiff's claim is typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

16. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

17.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

18.     A class action is a superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages available in an individual action are minimal in comparison to the expense and burden and prosecuting individual litigation.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims.

## VI.     CLAIMS FOR RELIEF

### COUNT I

19.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20.     As more fully described herein, Google intentionally sought, intercepted and collected the electronic communications of the Plaintiff and the class.

21.     As a direct and proximate result of such conduct, Google unlawfully intercepted the electronic communications of the Plaintiff and the class in violation of 18 U.S.C. § 2511.

22.    As a result of the above violations, and pursuant to 18 U.S.C. § 2520, Defendant is liable to Plaintiff and the class in the sum of statutory damages consisting of the greater of $100 each day such person's data was obtained by the Defendant, or $10,000 per violation suffered by the Plaintiff or Class Member; punitive damages in amount to be determined by jury, but sufficient to prevent the same or similar conduct by the Defendant in the future; and a reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT II

23.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.    Since being publicly exposed by the German Commissioner for Data Protection and Freedom of Information, the Defendant has publicly admitted its "mistake" in collecting payload data as well as its intent to destroy the payload data collected by its Google Street View vehicles.

25.    Destruction of the payload data collected from the Plaintiff and class members would result in the spoliation of evidence critical to the determination of members of the class, the damages they have suffered and the propriety of their legal claims.

26.    Plaintiff demands a preliminary and permanent injunction enjoining the Defendant from deleting, destroying, or otherwise altering the payload data collected in the United States.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)    That an order be entered declaring that Defendants' actions as described

above are in violation of the 18 USC 2511 et. seq.

(b)     That judgment be entered against Defendants for statutory damages pursuant to 18 U.S.C. § 2520

(c)     That the Court enter an Order granting the Plaintiff and the Class a preliminary and permanent injunction restraining and enjoining the Defendants from any act to intercept electronic communications and enjoining defendant from disclosing to anyone the communications intercepted and stored on its servers;

d)      That the Court grant such other and further relief as may be just and proper.

May 26, 2010                                    Respectfully submitted,

                                                /s/
                                                _____
                                                Philip S. Friedman (DC Bar No. 421854)
                                                Friedman Law Offices, PLLC
                                                2401 Pennsylvania Avenue, N.W., Suite 410
                                                Washington, D.C. 20037
                                                (202) 293-4175

                                                Attorney for the Plaintiff

**JURY TRIAL DEMANDED**